Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **IN RE:** | **CASE: 25-22795** |
| Dee Lynn Van Wagoner<br>Wendy Diane Van Wagoner | **CHAPTER 13** |
| **Debtors** | **Hon. PEGGY HUNT** |

### TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

**Restatement of Issues from Prior Objection(s):**

1. The payment advices required by § 521(a)(1)(B)(iv) show <u>less</u> income than is reported on Schedule I for Wendy Diane Van Wagoner.

2. Schedule A/B fails to properly value the following property of the estate: 2011 Chevy Malibu LS.

3. The Trustee requests the Debtors provide copy of contract with debt consolidation company and provide proof of refund and the amount given to Debtors.

4. The Debtors should amend the Statement of Financial Affairs, Interrogatory No. 17, to include all payments to anyone who promised to help deal with creditors or to make payments to creditors within one year immediately preceding the commencement of this case.

5. The Trustee requests Debtors provide contact information for Security Service Federal Credit Union and full account number for the $3,000 credit card payment made April 2025.

6. The Trustee's objection to an exemption claimed on Schedule C remains unresolved.

7. The Trustee objects to the following deductions take on Forms 22C-1 and/or 22C-2 that would impact the required return to nonpriority unsecured creditors: retirement loan taken on Line 43 must be amortized.

8. The Debtor(s) are not complying with the disposable income requirements of Section 1325(b). According to the Trustee's calculations for Form 22C-2, the Debtor(s) have Monthly Disposable Income of $500.41 that requires a total return of $30,025.00 to nonpriority unsecured creditors. However, the Debtor(s) have proposed a return of only $210.00.

9. The Plan as proposed does not comply with 11 USC 1325(b)(1)(B) as the Debtor(s) have not committed their entire projected disposable income for the applicable commitment period – specifically, the Debtor(s) have limited tax refund turnover to 3 years rather than the 5-year commitment period.

10. This is an above-median case with an applicable commitment period of 60 months; however, the plan does not provide for 60 monthly payments as required by *In re Timothy*, 442 B.R. 28 (10th Cir. BAP 2010) and *In re Wing,* 435 B.R. 705 (Bankr. D. Colo. 2010).

**Confirmation Issues Arising Since Last Filed Objection:**

1. The Trustee projects that the Debtors' direct payment to satisfy a retirement loan will end August 2027. The Debtors should propose to increase the plan payment by the same amount as the loan repayment once such claims have been paid in full. See In re Kofford, Slip Copy, 2012 WL 6042861 (Bankr. D. Utah Dec. 4, 2012) (Thurman).

2. The Trustee requests further information regarding whether or not Wendy Van Wagoner is required to pay child support.

3. The Trustee's objection to an exemption claimed on Schedule C remains unresolved. The property tax assessment provided to the Trustee provides ownership information for Wendy Diane Scrowther, which is not listed on the petition as an alias. Further, the property tax assessment does not provide evidence that Dee Van Wagoner is listed on title as it states "ET AL."

4. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan with the required return to nonpriority unsecured creditors of $30,025 in compliance with the disposable income requirements of Section 1325(b).

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: September 22, 2025        MaryAnn Bride
                                 Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on September 22, 2025:

JEFFREY C. SHORTER, ECF Notification

/s/ Michelle Moses